NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ECC SYSTEMS, LLC, : | |
| : | |
| Petitioner, : | Civil Action No.  11-1437 (SRC) |
| : | |
| v. : | **OPINION** |
| : | |
| NEW JERSEY REGIONAL COUNCIL : OF CARPENTERS, : | |
| : | |
| Respondent. : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on two motions: 1) the motion to confirm the arbitration award by Respondent New Jersey Regional Council of Carpenters (the "Union"); and 2) the motion to vacate the arbitration award by Petitioner ECC Systems, LLC ("Systems").  For the reasons that follow, the motion to confirm the arbitration award will be denied, and the motion to vacate the arbitration award will be granted.

This case concerns a labor dispute that was heard by arbitrator J.J. Pierson (the "Arbitrator").  On January 10, 2011, the Arbitrator issued a final decision.  In brief, the Union had entered into a collective bargaining agreement with East Coast Conveyors, LLC.  The labor agreement contains an arbitration provision.  Systems opposed the arbitration but participated in it,  maintaining that it was not a signatory to the labor agreement.  The Arbitrator found that Systems was a double-breasted form of East Coast Conveyors, LLC, and found that Systems was liable to the Union under the labor agreement.

Systems moves to vacate the arbitration award on the ground that the Arbitrator "usurped the court's exclusive role." (Systems' Br. 6.) This is clearly true. It is well-settled that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). This fundamental principle alone mandates that the award be vacated. It is undisputed that Systems was not a signatory to the labor agreement with the Union. The Arbitrator had no authority to arbitrate the dispute between Systems and the Union – absent a determination by the Court that Systems was contractually bound to arbitrate.

Moreover:

> [T]he question of arbitrability – whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.

AT&T Techs. v. Communs. Workers of Am., 475 U.S. 643, 649 (1986). There is no claim in this case that the parties – meaning Systems and the Union – clearly and unmistakably agreed to arbitrate. To the contrary, Systems made its disagreement with arbitration known at every step. As such, under AT&T, the question of whether the labor agreement created a duty for Systems to arbitrate a dispute is a question for a court to decide, and not for the arbitrator.

The Union argues that the Supreme Court's decision in John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 547 (1964) supports its position that Systems, though not a signatory to the labor agreement, was obligated to arbitrate.[1] This is simply not so. Instead, Wiley stands for the proposition that *a court may determine* that a non-signatory is obligated to arbitrate a

---

[1] The Union also cites other cases in support, but none is controlling authority.

dispute. The point is that it is *the court* that makes this threshold determination, not the arbitrator, and Wiley is crystal clear on this point:

> The threshold question in this controversy is who shall decide whether the arbitration provisions of the collective bargaining agreement survived the Wiley-Interscience merger, so as to be operative against Wiley. Both parties urge that this question is for the courts. Past cases leave no doubt that this is correct. Under our decisions, whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties. . . . Here, the question is whether Wiley, which did not itself sign the collective bargaining agreement on which the Union's claim to arbitration depends, is bound at all by the agreement's arbitration provision. The reason requiring the courts to determine the issue is the same in both situations. The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty. Thus, just as an employer has no obligation to arbitrate issues which it has not agreed to arbitrate, so a fortiori, it cannot be compelled to arbitrate if an arbitration clause does not bind it at all.

Id. at 546-547 (citations omitted). Wiley makes clear that, when the Arbitrator decided the question of whether Systems, a non-signatory to the labor agreement, was bound to arbitrate, he usurped the role of the court and exceeded his powers.

Moreover, the Third Circuit's decision in Laborers' Int'l Union v. Foster Wheeler Corp. controls this Court's decision on this issue. The Third Circuit held as follows:

> This Court vacated the arbitration order because the district court, not the arbitrator, was to decide whether FWC was bound by the Agreement, since if it were not bound, it could not be commanded to submit to arbitration. The reason is straightforward: a party cannot be compelled to arbitrate the arbitrability issue. As a signatory to the Agreement, FWEC was unquestionably obligated to arbitrate the dispute. FWC, on the other hand, was not a signatory thereto, and hence the court could direct it to arbitration only if the court first determined that somehow FWC had become bound by the Agreement.

Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 399 n.27 (3d Cir. 1994) (citations omitted). The analogy is so clear that no further explanation is needed.

3

      This Court finds that, pursuant to AT&T, the Arbitrator lacked the authority to determine that Systems was bound by the labor agreement. The Arbitrator thus lacked the authority to conduct the arbitration. The motion to confirm the arbitration award will be denied, the motion to vacate the arbitration award will be granted, and the Arbitrator's award will be vacated.

                                                                                  /s Stanley R. Chesler
                                                                      STANLEY R. CHESLER
Dated: September 9, 2011                    United States District Judge