<u>NOT FOR PUBLICATION</u>

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ECC SYSTEMS, LLC, | |
| Petitioner, | Civil Action No. 11-1437 (SRC) |
| v. | **OPINION & ORDER** |
| NEW JERSEY REGIONAL COUNCIL OF CARPENTERS, | |
| Cross-Petitioner. | |

**<u>CHESLER, U.S.D.J.</u>**

This matter comes before the Court on the motion for declaratory judgment or, in the alternative, to compel arbitration by Cross-Petitioner New Jersey Regional Council of Carpenters (the "Union"). For the reasons that follow, the motion will be denied.

This case stems from a labor dispute that went to arbitration. On September 9, 2011, this Court issued an Opinion and Order which vacated the arbitrator's award. This resolved the first and only count of the Complaint, as well as the first count of the Cross-Petition. The decision left unresolved the second count of the Cross-Petition, for breach of the collective bargaining agreement. The Union has now moved for a declaratory judgment that East Coast Conveyors, LLC ("ECC") and ECC Systems, LLC ("Systems") are alter egos. In the alternative, the Union asks that this Court compel arbitration.

While the Union has framed this motion as a motion for a declaratory judgment, this Court construes it as a motion for summary judgment. The Union asks this Court to make a

factual determination prior to trial, and contends that it is entitled to judgment as a matter of law. This is the essence of a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  As this is the Union's claim for breach of the collective bargaining agreement, the Union bears the burden of proof at trial.  "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).

Turning to the movant's brief, this Court finds that it contains few citations to evidence of record and is primarily unsubstantiated argument.  The brief contains a "statement of facts" section, but, other than the assertions regarding ownership of the entities, none of the factual allegations in support of the theory that the entities are alter egos cite to any evidence of record. (Union's Br. ¶ 24.)  The evidence of record is not sufficient to show that at trial, no reasonable jury could find for the non-moving party.  The Union has failed to carry its burden of showing that no reasonable jury could find for the non-moving party.  The motion for summary judgment will be denied.

In short, while the Union asks this Court to make a determination that ECC is the alter ego of Systems, or, alternatively, asks this Court to compel arbitration with regard to that issue, the Union is required as a predicate to demonstrate that the Petitioner is bound by the collective bargaining agreement.  The evidence before this Court is so minimal that the Court cannot make any such determination on this record.

It is apparent that, given the state of the factual record prior to discovery having taken place, a motion for summary judgment is premature at the present time. The parties should report to Magistrate Judge Shipp to hold a Rule 16 conference and begin discovery, including conducting such depositions as might shed light on the various factual contentions of the parties, including the exact nature and circumstances of the formation of Systems, its assets at formation, the source of its assets at formation, etc.

Petitioner observes that, in separate litigation in the Superior Court of New Jersey, Judge Coogan ruled that ECS was not the alter ego of ECC. Petitioner notes, correctly, that this Court is not bound by that finding, since federal labor law applies in this case, rather than New Jersey law, but that litigation highlights the nature and extent of the facts that need to be developed before this Court will be in a position to make factual determinations and enter judgment.

For these reasons,

**IT IS** on this 31st day of January, 2012,

**ORDERED** that Cross-Petitioner's motion for declaratory judgment or, in the alternative, to compel arbitration (Docket Entry No. 16) is **DENIED**.

                                                s/ Stanley R. Chesler
                                            STANLEY R. CHESLER
                                          United States District Judge